NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001032**
**23-NOV-2015**
**08:35 AM**

NO. CAAP-14-0001032

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PFLUEGER, INC., Plaintiff-Appellee,
v.
NOGUCHI & ASSOCIATES, INC., Defendant-Appellant,
and
AIU HOLDINGS, INC., NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA, Defendants-Appellees,
and
DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10,
and DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1326)

MEMORANDUM OPINION
(By: Foley, Presiding J. and Fujise, J.,
with Reifurth, J. dissenting)

Defendant-Appellant Noguchi & Associates, Inc.
(**Noguchi**) appeals from the "Amended Final Judgment as to All
Claims and All Parties," entered July 11, 2014 in the Circuit
Court of the First Circuit[1] (**circuit court**).

On appeal, Noguchi contends the circuit court erred in:
(1) excluding deposition testimony of out-of-state witnesses as
hearsay; (2) denying its "Motion for a New Trial" filed December
13, 2013; (3) granting the "Motion to Preclude Application of the
Good Faith Settlement Credit" filed by Plaintiff-Appellee
Pfleuger, Inc. (**Pfleuger**) under Hawaii Revised Statutes (**HRS**)

---

[1] The Honorable Jeannette H. Castagnetti presided.

§ 663-15.5 (Supp. 2014); and (4) granting Pfleuger's Judgment as a Matter of Law.

## I. BACKGROUND

Pfleuger is an automotive retailer and employed Noguchi as its insurance broker for over twenty years. In the event of an incident, Pfleuger would inform Noguchi according to an oral understanding between the two parties. Pfleuger communicated with Noguchi and did not have any direct communication with its insurance carriers.

In 2005, Pfleuger received notice that it was being audited by the Internal Revenue Service (**IRS**). Pfleuger informed Noguchi of the audit.

On May 22, 2008, Pfleuger received Grand Jury subpoenas for the production of documents in the United States District Court for the District of Hawai'i. Upon receiving the subpoenas, Pfleuger's Chief Financial Officer, Randall Kurata (**Kurata**), contacted Noguchi. Glenn Maruyama, an agent at Noguchi, told Kurata that there were no claims under Pfleuger's insurance policies until the Grand Jury issued an indictment. During the relevant time, Pfleuger was insured by Defendant-Appellee National Union Fire Insurance Company of Pittsburgh, PA (**National Union**).

On February 11, 2009, Pfleuger notified Defendant-Appellee AIU Holdings, Inc. (**AIU**) and National Union of the proceedings before the Grand Jury. Dennis Van Dina (**Van Dina**), a claims analyst for AIU, denied coverage because the "materials submitted . . . would not constitute a Claim."

On June 10, 2009, Pfleuger filed a "Complaint for Declaratory Relief, Negeligence, Negligent Misrepresentation and Breach of the Duty of Good Faith And Fair Dealing" against AIU, National Union, and Noguchi alleging that it was entitled to coverage under its insurance policies. Pfleuger brought negligence and negligent misrepresentation claims against Noguchi, and a breach of the duty of good faith and fair dealing against AIU and National Union. In its claim for negligence against Noguchi, Pfleuger alleged the following:

2

20. Noguchi owed a duty to Pfleuger to tender the Grand Jury proceeding to Pfleuger's insurer.

21. Noguchi breached its duty to Pfleuger.

22. As a direct and proximate result of Noguchi's negligence, Pfleuger has been denied coverage for the Grand Jury matter and has suffered and continues to suffer financial damage, and other general and special damages in an amount to be proven at trial, and for which Noguchi is liable.

Regarding its claim for negligent misrepresentation, Pfleuger alleged:

24. Noguchi represented to Pfleuger that the Grand Jury Proceeding was not covered under the aforementioned insurance policies.

25. Noguchi's representations were untrue and were made to Pfleuger without reasonable investigation, and with the intent to induce Pfleuger to rely thereon.

26. Pfleuger was unaware that Noguchi's representations on this point were untrue, and reasonably relied on them in declining, for a time, to further tender the Grand Jury matter directly to its insurer under the aforementioned insurance policies.

27. But for Noguchi's representations, Pfleuger would have immediately tendered the May 22, 2008 Grand Jury Subpoena to [AIU] and National Union.

28. As a proximate result of Noguchi's representations, [AIU] and National Union have denied Pfleuger's tender of the Grand Jury proceedings as untimely, and denied Pfleuger coverage under the aforementioned insurance policies.

29. As a proximate result of Noguchi's actions, Pfleuger has suffered and continues to suffer financial damage, and other general and special damages in an amount to be proven at trial, and for which Noguchi is liable.

AIU and National Union entered into a confidential settlement with Pfleuger. The circuit court found that the settlement was in good faith pursuant to HRS § 663-15.5.

On June 28, 2013, Noguchi filed its designation of excerpts from the depositions of Van Dina and Tiffany Ngeo (**Ngeo**), a senior complex claims director for AIU, pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 32.

The jury trial began on July 22, 2013. On July 26, 2013, the jury returned a special verdict for Pfleuger, assigning 30% of fault to Pfleuger and 70% fault to Noguchi.

## II. STANDARD OF REVIEW

### A. Admission of Depositions

"The admissibility of depositions at trial is reviewable under the abuse of discretion standard. A trial court's exercise of discretion in ruling on the admissibility of depositions will be upheld unless an abuse of discretion is manifest." Aga v. Hundahl, 78 Hawai'i 230, 241, 891 P.2d 1022, 1033 (1995) (quoting Wilart Assocs. v. Kapiolani Plaza, Ltd., 7 Haw. App. 354, 362, 766 P.2d 1207, 1212 (1988)).

An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

## III. DISCUSSION

### A. Exclusion of Deposition Testimony

Noguchi contends the circuit court abused its discretion by excluding deposition testimony of out-of-state witnesses as hearsay. Noguchi argues that the testimony was admissible under HRCP Rule 32(a), to which the hearsay rule does not apply. At trial, Pfleuger objected to the introduction of deposition testimony evidence of two witnesses who were out-of-state based on Noguchi's failure to establish that the witnesses were unavailable for purposes of HRCP Rule 32 and because the deposition testimony was hearsay under Hawaii Rules of Evidence (**HRE**) Rule 802 (1993).[2]

The circuit court sustained Pfleuger's request to exclude the testimony on the basis that such testimony was hearsay. Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." HRE Rule

---

[2]     Although Pfleuger initially objected to the admission of the testimony based on Noguchi's failure to establish that the witnesses were "unavailable" under HRCP Rule 32, the circuit court's decision to exclude the testimony was based solely on HRE Rule 802, HRE Rule 803 (1993 and Supp. 2014), and HRE Rule 804 (1993 and Supp. 2014). Pfleuger clarified that its objection to the testimony was based on hearsay.

4

801 (Supp 2014.). "Hearsay is not admissible except as provided by [the HRE], or by other rules prescribed by the [Hawai'i Supreme Court], or by statute." HRE 802.

HRCP Rule 32(a) permits a party to use "any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying" where "the witness resides on an island other than that of the place of trial or hearing, or is out of State, unless it appears that the absence of the witness was procured by the party offering the deposition[.]" A party who wishes to admit such testimony must "provide to other parties and promptly file with the court . . . information regarding the evidence that it may present at trial . . . at least 30 days before trial." HRCP Rule 32(b). The opposing party may object at the trial or hearing "for any reason which would require the exclusion of evidence if the witness were then present and testifying." HRCP Rule 32(c).

Under HRCP Rule 32(a), evidentiary rules are to be applied "as though the witness were then present and testifying[.]" Thus, the conclusion that the entire deposition testimony was hearsay because it was out-of-court testimony is erroneous. Additionally, HRCP Rule 32(a) is an "other rule" prescribed by the Hawai'i Supreme Court, falling within the explicit definitional exception in HRE Rule 802. See Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 914-15 (9th Cir. 2008) (concluding that Federal Rules of Civil Procedure Rule 32(a)(3)(B) is an "other rule" prescribed by the United States Supreme Court).

Pfleuger argued at trial that Noguchi was required to provide a subpoena or letter establishing that Van Dina and Ngeo were unavailable to testify at trial. HRCP Rule 32(a)(3) allows a party to use a deposition "if the court finds . . . that the witness resides . . . out of the state." HRCP Rule 32 does not require a party to provide a subpoena or letter evidencing the deponent's place of residence.

There was sufficient evidence before the circuit court to find that Van Dina and Ngeo resided out of state for the

5

purposes of HRCP Rule 32(a)(3). Noguchi's designation of Van Dina's deposition excerpts includes Van Dina's testimony that he resides in New York, New York. Pfleuger's subpoena was addressed to Van Dina in New York, New York and the deposition was taken in New York, New York. Similarly, Ngeo's deposition was also taken in New York, New York.

In addition to the evidence establishing that the deponents resided out of state, Pfleuger waived its objection to the admissibility of Van Dina and Ngeo's deposition testimony because Pfleuger delayed its unavailability objection until after the commencement of trial. In preparation for trial, Pfleuger submitted its objections to Noguchi's designation of excerpts from Van Dina's testimony, which listed specific objections to portions of Van Dina's testimony, but did not include the HRCP Rule 32 objection to Van Dina's unavailability. Pfleuger also submitted objections to Noguchi's designation of excerpts from Ngeo's testimony, but again did not raise a HRCP Rule 32 objection to Ngeo's unavailability. At the hearing on motions in limine, the parties had an opportunity to address the designations of excerpts from deposition testimony. The circuit court allowed the deposition testimony to be used at trial with specific limitations. Pfleuger raised the unavailability objection only after trial had already begun (though Pfleuger's unavailability objection was based ultimately in hearsay rules). Pfleuger's delay in bringing its unavailability objection left Noguchi no opportunity to respond to the objection with documentary evidence. The delay amounted to a waiver of Pfleuger's right to object to the admission of the deposition testimonies of Van Dina and Ngeo at trial.

Pfleuger argues that even if the trial court erred in sustaining its objection, the error was not prejudicial because evidence that the insurance carrier would have denied coverage was in evidence through cross-examination of Pfleuger's expert witness. Van Dina and Ngeo's testimonies directly contradict Pfleuger's claims.

6

Van Dina testified in his deposition that AIU had received notice of the IRS subpoena in May 2008 instead of February 2009, AIU would still not have covered Pfleuger because a Grand Jury subpoena is not a "claim" within the meaning of the AIU policy. Ngeo, a senior complex claims director within AIU, testified that after reviewing the subpoena, she agreed with Van Dina's finding that the subpoena did not fit within the definition of a "claim" under Pfleuger's policy with AIU.

Regarding its negligence claim, Pfleuger alleged, "As a direct and proximate result of Noguchi's negligence, Pfleuger has been denied coverage for the Grand Jury matter . . . ." Van Dina and Ngeo's testimonies suggest that had Noguchi acted in accordance with the applicable standard of care, Pfleuger would have suffered the same harm, negating Pfleuger's causation argument. On its negligent misrepresentation claim, Pfleuger alleged, "As a proximate result of Noguchi's representations, [AIU] and National Union have denied Pfleuger's tender of the Grand Jury proceedings as untimely, and denied Pfleuger coverage under the aforementioned insurance policies." Again, Van Dina and Ngeo's testimonies undermine the causation element of negligent misrepresentation because even had Pfleuger submitted the information to AIU in a timely manner, AIU would still have denied coverage.

At trial, Pfleuger's expert Jim Schratz (**Schratz**) testified that based on his review of Van Dina and Ngeo's depositions, the decision to deny coverage would have been the same regardless of when it was reported to the insurer. Schratz was questioned:

> Q: Is it your opinion, that based upon your review of Mr. Van Dina's tesimony, that [AIU] would have denied this claim regardless of when it was reported by Noguchi or anyone else?
>
> [Schratz]: The best way I can answer that question is that Mr. Van Dina, incorrectly, was pretty stubborn in his coverage opinion, saying he would deny it, but that's the best way I can answer that question.
>
> Q: Okay. Can you turn to page 100 of your deposition.

. . . .

> Regardless of whether or not a Court determines there's coverage in this case, if, in fact, that is an issue that's presented to the Court, you would agree with me, that based on your review of the deposition testimony of Mr. Van Dina and the deposition testimony of Tiffany Ngeo that it is the position of [AIU] that regardless of when Noguchi or any other entity had reported this claim to [AIU], [AIU's] coverage denial decision would have been the same? And what was your answer?

> [Schratz]: Yes, based on Van Dina's deposition testimony, yes.

> Q: And Mr. Van Dina was, in fact, your understanding, the claims representative at [AIU] who made the coverage decision regarding this matter? And your answer?

> [Schratz]: Poorly trained and very inexperienced claims adjuster, but, yes. And then I issued my own motion to strike.

Pflueger argues that this testimony was sufficient to mitigate the prejudice done by excluding the testimony of Van Dina and Ngeo. However, this testimony suggests that Van Dina improperly denied coverage for Pflueger's claim, and would have improperly denied coverage even if the claim had been submitted in a timely manner. Schratz's testimony on cross-examination does not adequately substitute the testimony likely to have been provided by Van Dina and Ngeo. As such, Schratz's testimony is insufficient to render the exclusion of Van Dina's and Ngeo's testimonies as non-prejudicial.

The testimonies of Van Dina and Ngeo were essential to Noguchi's defense against Pflueger's accusations of negligence and negligent misrepresentation. By excluding their testimony, the circuit court disregarded rules or principles of law to Noguchi's substantial detriment. Amfac, 74 Haw. at 114, 839 P.2d at 26.

**B. Remaining Points of Error**

Because we have held that the circuit court's decision to exclude the testimony of Van Dina and Ngeo was reversible error which warrants a new trial, we need not address Noguchi's remaining points of error.

## IV. CONCLUSION

The "Amended Final Judgment as to All Claims and All Parties," entered July 11, 2014 in the Circuit Court of the First Circuit is vacated and this case is remanded for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, November 23, 2015.

On the briefs:

Richard B. Miller
Patricia Kehau Wall
(Tom Petrus & Miller)
and
Christopher Shea Goodwin
Thomas D. Sands (with them on
the opening brief)
for Defendant-Appellant.

Lyle S. Hosoda
Raina P.B. Gushiken
(Hosoda & Morikone)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

9